## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF
### DIVISION

In re:                                        §
                                              §
GALLO, MICHAEL ANTHONY                        §        Case No. 08-34099
GALLO, PAMELA TERESE                          §
                                              §
                         Debtor(s)            §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1.  The debtor filed a petition under chapter     of the United States Bankruptcy Code on
    .  The undersigned trustee was appointed on                   .

2.  The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3.  All scheduled and known assets of the estate have been reduced to cash, released to
the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned
pursuant to 11 U.S.C. § 554.  An individual estate property record and report showing the
disposition of all property of the estate is attached as **Exhibit A**.

4.  The trustee realized gross receipts of                $

        Funds were disbursed in the following amounts:

        Administrative expenses
        Payments to creditors
        Non-estate funds paid to 3rd Parties
        Payments to the debtor

        Leaving a balance on hand of[1]              $

The remaining funds are available for distribution.

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank
account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement
will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the
maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

6.  The deadline for filing claims in this case was                    . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $            .  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $        as interim compensation and now requests a sum of $        , for a total compensation of $          .  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $        , and now requests reimbursement for expenses of $          , for total expenses of $          .

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/Phillip D. Levey_____
                                                        Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page:   1

Exhibit A

| | | |
|---|---|---|
| Case No: | 08-34099   EW   Judge: EUGENE R. WEDOFF | |
| Case Name: | GALLO, MICHAEL ANTHONY | |
| | GALLO, PAMELA TERESE | |
| For Period Ending: | 03/04/10 | |

| | |
|---|---|
| Trustee Name: | Phillip D. Levey |
| Date Filed (f) or Converted (c): | 12/12/08 (f) |
| 341(a) Meeting Date: | 01/26/09 |
| Claims Bar Date: | 07/20/09 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 159 Dallas Drive Bartlett IL | 370,000.00 | 0.00 | DA | 0.00 | FA |
|     Debtor Claimed Exemption | | | | | |
| 2. nominal cash | 100.00 | 100.00 | DA | 0.00 | FA |
| 3. checking & sav Parkway Bk | 200.00 | 200.00 | DA | 0.00 | FA |
|     Debtor Claimed Exemption | | | | | |
| 4. checking at Premier CU | 10.00 | 10.00 | DA | 0.00 | FA |
| 5. checking Midwest Bk | 10.00 | 10.00 | DA | 0.00 | FA |
| 6. misc furniture furnishings and electronics | 600.00 | 600.00 | DA | 0.00 | FA |
|     Debtor Claimed Exemption | | | | | |
| 7. clothing | 300.00 | 300.00 | DA | 0.00 | FA |
|     Debtor Claimed Exemption | | | | | |
| 8. wedding ring | 200.00 | 200.00 | DA | 0.00 | FA |
|     Debtor Claimed Exemption | | | | | |
| 9. two term life Jackson Nat Life | 1.00 | 1.00 | DA | 0.00 | FA |
| 10. Two Bright Start college accounts; one for each ch | 508.00 | 508.00 | DA | 0.00 | FA |
|     Debtor Claimed Exemption | | | | | |
| 11. Morgan Stanley IRA | 3,000.00 | 3,000.00 | DA | 0.00 | FA |
|     Debtor Claimed Exemption | | | | | |
| 12. Retirement account | 1,000.00 | 1,000.00 | DA | 0.00 | FA |
|     Debtor Claimed Exemption | | | | | |
| 13. tax refund | 3,000.00 | 3,000.00 | DA | 0.00 | FA |
|     Debtor Claimed Exemption | | | | | |
| 14. 2001 Dodge Intrepid | 2,000.00 | 2,000.00 | DA | 0.00 | FA |
|     Debtor Claimed Exemption | | | | | |
| 15. 2003 Envoy | 6,000.00 | 6,000.00 | DA | 0.00 | FA |
|     Debtor Claimed Exemption | | | | | |

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 2

Exhibit A

| | |
|---|---|
| Case No: | 08-34099   EW   Judge: EUGENE R. WEDOFF |
| Case Name: | GALLO, MICHAEL ANTHONY |
| | GALLO, PAMELA TERESE |

| | |
|---|---|
| Trustee Name: | Phillip D. Levey |
| Date Filed (f) or Converted (c): | 12/12/08 (f) |
| 341(a) Meeting Date: | 01/26/09 |
| Claims Bar Date: | 07/20/09 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 16. Preference Claim - James Huber | 26,000.00 | 26,000.00 | | 24,800.00 | FA |
| 17. Post-Petition Interest Deposits (u) | Unknown | N/A | | 3.47 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)   $412,929.00   $42,929.00   $24,803.47   $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR): 04/30/10       Current Projected Date of Final Report (TFR): 04/30/10

FORM 2

Page: 1

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: | 08-34099 -EW |
| Case Name: | GALLO, MICHAEL ANTHONY |
| | GALLO, PAMELA TERESE |
| Taxpayer ID No: | *******5487 |
| For Period Ending: | 03/04/10 |

| | |
|---|---|
| Trustee Name: | Phillip D. Levey |
| Bank Name: | BANK OF AMERICA |
| Account Number / CD #: | *******3412  Money Market Account (Interest Earn |
| Blanket Bond (per case limit): | $ 5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 09/07/09 | 16 | James & Barbara Huber | SETTLEMENT | 1141-000 | 24,800.00 | | 24,800.00 |
| | | 1294 Appaloosa Way | | | | | |
| | | Bartlett, IL | | | | | |
| 09/30/09 | 17 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.40 | | 24,800.40 |
| 10/30/09 | 17 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.63 | | 24,801.03 |
| 11/30/09 | 17 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.61 | | 24,801.64 |
| 12/31/09 | 17 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.63 | | 24,802.27 |
| 01/29/10 | 17 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.63 | | 24,802.90 |
| 02/26/10 | 17 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.57 | | 24,803.47 |

|  | | | |
|---|---|---|---|
| COLUMN TOTALS | 24,803.47 | 0.00 | 24,803.47 |
| Less:  Bank Transfers/CD's | 0.00 | 0.00 | |
| Subtotal | 24,803.47 | 0.00 | |
| Less:  Payments to Debtors | | 0.00 | |
| Net | 24,803.47 | 0.00 | |

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| TOTAL - ALL ACCOUNTS | | | |
| Money Market Account (Interest Earn - *******3412 | 24,803.47 | 0.00 | 24,803.47 |
| | ------------------------- | ------------------------- | ------------------------- |
| | 24,803.47 | 0.00 | 24,803.47 |
| | ============= | ============= | ============= |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals        24,803.47        0.00

Ver: 15.06b

LFORM24

**UST Form 101-7-TFR (9/1/2009)** *(Page: 5)*

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 08-34099
Case Name: GALLO, MICHAEL ANTHONY
             GALLO, PAMELA TERESE
Trustee Name: Phillip D. Levey


Claims of secured creditors will be paid as follows:

| *Claimant* | *Proposed Payment* |
|---|---|
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |


Applications for chapter 7 fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|
| _Trustee: Phillip D. Levey_ | $ _____ | $ _____ |
| _Attorney for trustee: Phillip D. Levey_ | $ _____ | $ _____ |
| _Appraiser:_ | $ _____ | $ _____ |
| _Auctioneer:_ | $ _____ | $ _____ |
| _Accountant:_ | $ _____ | $ _____ |
| _Special Attorney for trustee:_ | $ _____ | $ _____ |
| _Charges:_ | $ _____ | $ _____ |
| _Fees:_ | $ _____ | $ _____ |
| _Other:_ | $ _____ | $ _____ |
| _Other:_ | $ _____ | $ _____ |

Applications for prior chapter fees and administrative expenses have been filed as follows:

| | *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|---|
| *Attorney for debtor:* | | $ | $ |
| *Attorney for:* | | $ | $ |
| *Accountant for:* | | $ | $ |
| *Appraiser for:* | | $ | $ |
| *Other:* | | $ | $ |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $        must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be        percent.

Timely allowed general (unsecured) claims are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| *000001* | *DISCOVER BANK* | $ | $ |
| *000002* | *DISCOVER BANK* | $ | $ |

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 000003 | PYOD LLC its successors and assigns as assignee of | $_____ | $_____ |
| 000004 | PYOD LLC its successors and assigns as assignee of | $_____ | $_____ |
| 000005 | CHASE BANK USA, NA | $_____ | $_____ |
| 000006 | CHASE BANK USA, NA | $_____ | $_____ |
| 000007 | eCAST Settlement Corporation assignee of HSBC Bank | $_____ | $_____ |
| 000008 | American Express Bank FSB | $_____ | $_____ |
| 000009 | FIA CARD SERVICES, NA/BANK OF AMERICA | $_____ | $_____ |
| 000010 | FIA CARD SERVICES, NA/BANK OF AMERICA | $_____ | $_____ |
| 000011 | First National Bank of Omaha | $_____ | $_____ |
| 000012 | James Huber | $_____ | $_____ |

Tardily filed claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be _____ percent.

Tardily filed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be        percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

The amount of surplus returned to the debtor after payment of all claims and interest is $        .